**AMENDOLA v. UNITED STATES.**

District Court, S. D. New York.

Oct. 3, 1945.

86

Harry L. Marcus, of Brooklyn, N. Y. (Harry Eisenberg, of New York City, of counsel), for libelant.

John F. X. McGohey, U. S. Atty., of New York City, (Frank V. Barns, of New York City, of counsel), for respondent.

HULBERT, District Judge.

This suit was brought "under the Public Vessels Act, Suits in Admiralty Act, and Public Law 17." 46 U.S.C.A. § 781 et seq., 46 U.S.C.A. § 741 et seq. and 57 Stat. 45.

On November 1, 1943 libellant while engaged in the pursuit of his duties as a seaman, in the capacity of steamfitter on the S. S. Doncaster, operated, managed and controlled by the respondent, was severely injured as a result of an explosion on board said vessel.

The libel was filed June 8, 1944; answer was filed August 25, 1944, and interrogatories propounded by respondent were answered by libellant Sept. 20, 1944.

Respondent now moves under the 56th Rule in Admiralty, 28 U.S.C.A. following section 723, for an order permitting it to file and serve a petition impleading the Sullivan Drydock & Repair Corporation whose sole negligence it alleges occasioned the libellant's injuries, and prays, if it should be found that libellant is entitled to any decree against respondent, it have judgment over against Sullivan therefor.

It seems clear from a reading of Rule 56 that respondent is entitled to bring in the third party by petition and not limited to the presentation thereof "before or at the time of answering the libel" but "at any later time during the progress of the cause that the court may allow" even after commencement of the trial. Otts v. I. M. Ludington's Sons, D.C.N.Y., 1914, 229 F. 454, affirmed 2 Cir., 229 F. 538.

Libellant's advocate cites and relies solely upon Calvino v. Farley et al, D.C. decided by this court and reported in 26 F.Supp. 431.* That case seems clearly distinguishable.

Calvino, who was employed by Antonio Outeda & Co., as a scaler and ship cleaner on the Steamship "Southern Cross," brought two actions at law; in the first suit he named as defendants, Farley and another, who, as trustees of the Munson Steamship Line, owned, operated and controlled the Steamship "Southern Cross." In the second action he named as defendants, John T. Clark & Son, Seabord Marine Repair Company, Eastern Cold Storage Insulation Company and Magnesite Products Co., Inc., who were engaged in making repairs to said vessel at the time of, or immediately prior to said accident.

These actions were consolidated by order of the court. Thereupon the trustees moved to bring in Outeda and file and serve a third party complaint. The denial of the motion was predicted upon the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Rule 56 in Admiralty was in no way involved. Motion granted. Settle order on notice.

---

* Brosnan v. American President Lines, Ltd., 1943 A.M.C. 526:648.